IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MONTUE,

    Petitioner,                               No. CIV-S-98-1580 LKK JFM P

    vs.

G. A. MUELLER, et al.,                   <u>ORDER AND</u>

    Respondents.                   <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a motion pursuant to Fed. R. Civ. P. 60(b) for reconsideration of the judgment entered in this action on March 16, 2001 denying on the merits his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

        In support of the instant motion[2], petitioner relies both on alleged newly discovered evidence and an intervening decision of the United States Court of Appeals for the Ninth Circuit; <u>Biggs v. Terhune</u>, 334 F.3d 910 (9th Cir. 2003). Respondents oppose the motion on the grounds that (1) it is barred by the time limits set forth in Rule 60(b); (2) the motion is a

---

    [1] The district court's denial of the petition was affirmed by the United States Court of Appeals for the Ninth Circuit on October 10, 2002.

    [2] Petitioner has filed several motions for reconsideration of the judgment entered herein. The motion before the court is the amended motion for reconsideration filed by petitioner on February 1, 2005.

1

second or successive petition within the meaning of 28 U.S.C. § 2244(b) and petitioner did not obtain authorization from the United States Court of Appeals for the Ninth Circuit to proceed with the petition before filing it in this court; and (3) the motion is without merit.

Petitioner's claims in this action arose from a 1997 decision of the California Board of Prison Terms (BPT) denying petitioner a parole date. Petitioner claimed the denial (1) violated his right to due process because the BPT failed to consider all relevant evidence at the hearing; (2) violated his right to equal protection; and (3) constituted cruel and unusual punishment. (See Findings and Recommendations, filed February 2, 2001, at 2-3.) Petitioner's claims were all denied on the merits. (Id; Order filed March 16, 2001.)

Petitioner now contends that he has evidence that the denial was grounded in a BPT policy to deny parole to inmates who refuse to discuss their commitment offense and was, therefore, not, as this court previously found, supported by "some evidence." (Id. at 3.)[3] Petitioner also contends that the Biggs decision, issued in 2003, invalidates the panel's decision to rely on petitioner's commitment offense, his past criminal history, or several other factors to deny him parole.

Where, as here, the factual predicate for the Rule 60(b) motion also states a claim for a second or successive petition under 28 U.S.C. § 2244(b)(2), the Rule 60(b) motion must be construed as a second or successive petition. See Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998). Before petitioner can proceed with a second or successive habeas corpus challenge to the 1997 denial of his parole date, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Petitioner did not seek leave from the court of appeals before filing the instant motion. The motion should therefore be dismissed without prejudice to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

---

[3] The new evidence consists of deposition testimony given in 2003 by John Gillis, a former parole commissioner who was on the 1997 panel that denied parole to petitioner.

1    Petitioner has also filed two new motions for release on his own recognizance
2 during the pendency of this action. Petitioner's first motion for release was denied by order filed
3 January 28, 2005. For the reasons set forth supra, this action must be dismissed. A fortiori,
4 petitioner's motions for release must also be denied.
5    In accordance with the above, IT IS HEREBY ORDERED that:
6    1. Petitioner's February 1, 2005 motion for release on his own recognizance is
7 denied;
8    2. Petitioner's March 16, 2005 motion for release on his own recognizance is
9 denied; and
10    IT IS HEREBY RECOMMENDED that petitioner's February 1, 2005 motion for
11 reconsideration be construed as a second or successive habeas corpus petition and, so construed,
12 be dismissed without prejudice.
13    These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
15 days after being served with these findings and recommendations, petitioner may file written
16 objections with the court. The document should be captioned "Objections to Magistrate Judge's
17 Findings and Recommendations." Petitioner is advised that failure to file objections within the
18 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
19 F.2d 1153 (9th Cir. 1991).
20 DATED: May 9, 2005.

UNITED STATES MAGISTRATE JUDGE

12;mont1580.suc