IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MONTUE,

    Petitioner,                         No. CIV S-98-1580 LKK JFM P

    vs.

G. A. MUELLER, et al.,              <u>AMENDED</u>

    Respondents.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a motion pursuant to Fed. R. Civ. P. 60(b) for reconsideration of the judgment entered in this action on March 16, 2001 denying on the merits his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

        On May 10, 2005, this court issued and order and findings and recommendations. Therein, the court denied petitioner's motions for release on his own recognizance and recommended that petitioner's motion be construed as a second or successive habeas corpus petition and, so construed, dismissed without prejudice for failure to obtain authorization from the United States Court of Appeals to proceed with a second or successive petition. On May 25,

/////

---

[1] The district court's denial of the petition was affirmed by the United States Court of Appeals for the Ninth Circuit on October 10, 2002.

1

2005, petitioner filed objections to the findings and recommendations[2] and on June 23, 2005, the United States Supreme Court decided Gonzalez v. Crosby, _ U.S. _, 2005 WL 1469516 (June 23, 2005).  Good cause appearing, the May 10, 2005 findings and recommendations will be vacated and the court will make new findings and recommendations on petitioner's motion.

      Petitioner's claims in this action arose from a 1997 decision of the California Board of Prison Terms (BPT) denying petitioner a parole date.  Petitioner claimed the denial (1) violated his right to due process because the BPT failed to consider all relevant evidence at the hearing; (2) violated his right to equal protection; and (3) constituted cruel and unusual punishment.  (See Findings and Recommendations, filed February 2, 2001, at 2-3.)  Petitioner's claims were all denied on the merits.  (Id; Order filed March 16, 2001.)

      Petitioner now contends that he has evidence that the denial was grounded in a BPT policy to deny parole to inmates who refuse to discuss their commitment offense and was, therefore, not, as this court previously found, supported by "some evidence."  (Id. at 3.)[3] Petitioner also contends that the 2003 decision of the United States Court of Appeals for the Ninth Circuit in Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003), invalidates the panel's decision to rely on petitioner's commitment offense, his past criminal history, or several other factors to deny him parole.

      In Gonzalez v. Crosby, supra, the United States Supreme Court held that a motion pursuant to Fed. R. Civ. P. 60(b) is subject to the provisions of 28 U.S.C. § 2244(b) concerning second or successive habeas corpus applications when the Rule 60(b) motion itself qualifies as a habeas corpus application.  Gonzalez, slip op. at 4.  A Rule 60(b) motion qualifies as a

/////

---

[2] Petitioner also requested reconsideration of the court's orders denying his motions for release on his own recognizance.  That request is now before the district court.

[3] The new evidence consists of deposition testimony given in 2003 by John Gillis, a former parole commissioner who was on the 1997 panel that denied parole to petitioner.

2

habeas corpus application if it contains one or more "claims." Id. Of particular relevance to the

instant motion, the Court stated that

> [a] motion that seeks to add a new ground for relief, . . . , will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, [footnote omitted] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

Gonzales, slip op. at 5.

In his Rule 60(b) motion, petitioner raises both a new challenge to the 1997 denial of parole, claiming that he has found new evidence of a de facto policy to deny parole to inmates who refuse to discuss their commitment offense at their parole hearing, and he reargues the claim previously raised and rejected that there was insufficient evidence to support the determinations made by the BPT panel with respect to several factors considered at petitioner's 1997 hearing. In accordance with Gonzales, petitioner's Rule 60(b) motion both contains a new claim and brings again old claims already decided on the merits. Petitioner cannot, therefore, proceed with the motion without first obtaining authorization from the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Gonzales, slip op. at 4-5.

Petitioner has appended to his motion a copy of an unpublished order from a panel of the United States Court of Appeals for the Ninth Circuit, filed November 22, 2004, denying his request for authorization to file a second or successive petition. Thus, it appears that petitioner was denied authorization to proceed with a second or successive habeas corpus petition challenging the 1997 denial of parole.[4] Absent such authorization, the instant motion must be

/////

/////

---

[4] Petititioner represents in his motion that on September 23, 2004 he filed an application for leave to proceed with a second or successive habeas corpus application challenging the 1997 denial of parole, and that said application was denied by the order appended as Appendix K to his motion. (Motion, at 8.)

dismissed.  See 28 U.S.C. § 2244(b)(3); Gonzales, supra.[5]

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's February 1, 2005 Rule 60(b) motion for reconsideration be treated as a second or successive habeas corpus application and, so construed, be dismissed because petitioner has been denied authorization to proceed with such second or successive application.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 7, 2005.

UNITED STATES MAGISTRATE JUDGE

12
mont1580.amdsuc

---

[5] The November 22, 2004 court of appeals order also provides that "[p]etitioner may challenge his parole status in the form of a 28 U.S.C. § 2241 habeas petition properly filed before the district court." (Appendix J to Motion to Expand Rule 60(b), filed December 9, 2004.) But cf. White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004) ( "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.") Petitioner argues that language in the court of appeals' order should be construed to allow him to proceed with this Rule 60(b) motion.  The court is not persuaded that the cited language is directed to the question whether the decision in this habeas case should be reconsidered.  In any event, petitioner did not file a § 2241 petition in this action; he filed a Rule 60(b) motion.  Furthermore, even if petitioner's argument had merit, the decision in Gonzales precludes that result.